AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
RAHIM BERRY
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30573

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is charged by way of criminal complaint with Fraud by Wire, Conspiracy to Commit Wire Fraud, Credit Fraud and Identity Theft. The case will be presented to a grand jury on November 9 and an indictment will be sought.

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 4, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is an unemployed 42 year old male who lives with his aunt. He states that he has no source of income and that he is supported by his family. He has no assets and no liabilities or dependents. Defendant admits to a substance abuse habit that began when he was 32 years old. Since then he has regularly used heroin, marijuana, and more recently methadone. Although Defendant denied cocaine use, his federal probation officer Nelipovich indicated that Defendant also abused cocaine while on probation. As part of his probation sentence Defendant was required to receive out-patient substance abuse treatment at Eastwood Clinic in Detroit in 2008, which treatment was unsuccessful based upon Defendant's admission of current drug usage. Defendant declined to submit to a drug screen.

Defendant's criminal history goes back to age 18 when he was convicted of larceny in a building. At age 19 he was convicted of Felony Larceny and was sentenced to jail and two years probation. At age 20 he was convicted of Retail Fraud. In a separate case at age 20 Defendant was convicted of Receiving and Concealing Stolen Property. The following year (age 22) Defendant was convicted of Petit Larceny and was sentenced to 1 year jail time and two years probation. At age 23 (1993) Defendant was convicted of CCW and was sentenced to two years probation. Defendant violated his probation and was sentenced to six months jail time. At age 24 (1994) Defendant was convicted of Possession of a Stolen Vehicle. In 1999 (age 29) Defendant was convicted in this district with Identity Fraud, Conspiracy, eight counts of Credit Card Fraud, and one Count of Bank Fraud, 11 Counts of Wire Fraud, and 21 counts Aiding and Abetting. These charges are virtually identical to the charges in the instant complaint. Defendant was sentenced on May 1, 2001 to 51 months confinement and three years community supervision. If the indictment in the instant matter is returned on Wednesday, November 9, 2011, then there would be probable cause to conclude that this Defendant has continued to engage in predatory identity theft and fraudulent criminal activities on a continuing basis from the at least 1998 through 2011.

During the investigation of these allegations, a tap on Defendant's telephone demonstrated that he made no less than **300 telephone calls a day** in furtherance of his fraudulent activities involving identity theft, bank fraud, wire fraud and credit card fraud, and that one third of these daily calls (100 calls) were to credit card companies attempting to get account information to pursue fraudulent activities on stolen identities on unsuspecting members of this community.

It was also learned that Defendant impersonates voices during these telephone calls, pretending to be anyone he needs to be.....a man, a woman, a child.....in an effort to get those he calls to believe that he is someone he is not, so that money will be wired or that personal identification information will be divulged.

Defendant's past and presently alleged activities, in concert with his co-defendants, are conducted on such a sophisticated level that there is no condition or set of conditions which would assure the safety of the community or his appearance in court. The nature of the fraudulent commercial activities which he has mastered, and his ability to steal identities and money, make him a perfect candidate to flee the jurisdiction. Furthermore, he has spent his entire adult life involved in theft of one kind or another as a means of support of himself and

others. He continues unfazed in his involvement with fraudulent activities directed at "beating the system" which behaviors have escalated over the years notwithstanding a conviction for these same offenses in 1999 which resulted in a sentence of confinement of 51 months and 3 years of federal supervision. Clearly this Defendant has not been deterred in the least by his past experiences and contacts with the criminal justice system, and evidences a continuing pattern of criminal activity. Defendant is unemployed and drug dependent, which combination will only drive him further to continue preying upon society using the skills which he has perfected over time.

Defendant is a dangerous and unstoppable predator of society. There is no condition or combination of conditions which would assure the safety of the community. Additionally his past probation failure (resulting in six months additional jail time) and his past drug treatment failure signal his inability to comply with conditions of bond/supervision.

Therefore Detention is Ordered.